# 24-1662-cv

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

KEFILWE LEKUNTWANE, and all others similarly situated,

*Plaintiffs - Appellees,*

v.

HELP AT HOME CT, LLC, ALZHEIMER'S AND DEMENTIA CARE, LLC, HOMECARE CONNECTIONS, LLC, MARY ANN CIAMBRIELLO,

*Defendants - Appellants,*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT, CASE 3:20-CV-00386 (RNC)

**REPLY BRIEF FOR DEFENDANTS - APPELLANTS**

PETER J. MURPHY

SHIPMAN & GOODWIN LLP

ONE CONSTITUTION PLAZA

HARTFORD, CT 06103

TELEPHONE: 860-251-5000

FACSIMILE: 860-251-5316

EMAIL:

PJMUPRHY@GOODWIN.COM

22045981v1

# Table of Contents

ARGUMENT ................................................................................................... 1

I. THE DISTRICT COURT IMPROPERLY ENFORCED THE MEMORANDUM OF AGREEMENT AGAINST DEFENDANTS. .................................................................................. 1

    A.    Plaintiff only sought to enforce the MOU before the District Court. ................................................................................. 1

    B.    The MOU was not enforceable against Defendants. ............. 3

    C.    Settlements in FLSA actions are not final and enforceable until they are approved by a District Court judge, and the MOU was never approved. ................................................... 8

II.   The Court erred by using the MOU and settlement to approve class and collective action settlements. ........................................ 10

CONCLUSION .............................................................................................. 10

CERTIFICATION OF COMPLIANCE ................................................... 12

CERTIFICATE OF SERVICE ................................................................... 13

22045981v1

# Table of Authorities

**Cases** **Page**

*Cheeks v. Freeport Pancake House, Inc.*,
   796 F.3d 199 (2d Cir. 2015) ......................................................... 8, 10

*Fisher v. SD Prot. Inc.*,
   948 F.3d 593 (2d Cir. 2020) ............................................................... 8

*Flores v. Urciuoli*,
   2022 WL 987353 (E.D.N.Y. Jan. 10, 2022) ........................................ 6

*Santos v Massad-Zion Motor Sales Co., Inc.*,
   160 Conn. App. 12 (2015) ................................................................ 7

*Suarez v. SCF Cedar, LLC*,
   2016 WL 6601547 (S.D.N.Y. Mar. 14, 2016) ................................ 5, 6

*Williams v. Playscripts, Inc.*,
   2024 WL 3823198 (E.D.N.Y. Aug. 13, 2024) ......................... 7, 8, 9, 10

**Statutes**

FLSA ................................................................................................ *passim*

# ARGUMENT

## I. THE DISTRICT COURT IMPROPERLY ENFORCED THE MEMORANDUM OF AGREEMENT AGAINST DEFENDANTS.

### A. Plaintiff only sought to enforce the MOU before the District Court.

In their opening brief, Defendants demonstrated by the MOU was not a binding, enforceable settlement, and therefore the District Court erred when it found that the MOU was enforceable against Defendants. In her brief, Plaintiff attempts to avoid the fact that the MOU was not enforceable by arguing that the District Court enforced the terms of the final settlement agreement. (Pl. Brief p. 10) This argument is mistaken for several reasons.

First, and most importantly, it is directly contradicted by Plaintiff's pleadings in this matter. As Defendants' Brief already identified for this Court, Plaintiffs' briefing before the District Court focused exclusively on her position that the parties reached a settlement in an April 8, 2021 proceeding before Magistrate Judge Margolis, and that the settlement set forth in the MOU from that date was enforceable against Defendants. *See, e.g.*, App.36, 45. Plaintiff never argued in her pleadings in the District Court that the draft Final Settlement Agreement was the enforceable agreement. Thus, it is incorrect and improper for Plaintiff to assert in her brief that she "argued in her briefing . . . that the Final Settlement Agreement 'is the deal[.] (App. 166)." (Pl. Brief p. 10)

There also is nothing to support Plaintiff's representation to this Court about her arguments to the District Court. As demonstrated by

the portion of the transcript quoted in Plaintiff's brief, the "[that] is the deal" quote highlighted by Plaintiff came in response to the District Court asking Plaintiff's counsel "[w]hy are you relying on the MOU instead of the so-called final agreement in September[?]" (Pl. Brief p. 7) As this demonstrates, even the District Court understood Plaintiff's sole argument to be that the MOU was the enforceable settlement, not the so-called Final Settlement Agreement. Indeed, the District Court reinforced that belief in its written ruling, when it summarized Plaintiff's argument as follows: "Plaintiffs contend that the MOU is sufficiently complete and definite to be enforceable under state law." (Ecf. 95)

In an attempt to avoid the problems caused by their strategic decision to seek enforcement of the MOU instead of the so-call Final Settlement Agreement, Plaintiff also argues to this Court that the District Court found that the so-called Final Settlement Agreement was the enforceable settlement agreement. This argument is misguided and contradicted by the written ruling issued by the District Court. (Ecf. 95) In that ruling, the District Court granted "[64] motion to enforce settlement agreement." As noted before, the only relief requested in that motion was an order enforcing the terms of the MOU. Indeed, Plaintiff's entire motion stated:

> Plaintiff, through her undersigned counsel, hereby move to enforce the settlement agreement reached in this case on April 8, 2021. On that day, after a mediation with Judge Joan Margolis, defense counsel sent a Memorandum of Understanding to Plaintiff's counsel and to the court, indicating the terms of the parties' agreement. Plaintiff's counsel responded, "Thank you. This is fine. We have a deal." Nevertheless, a year has passed, and

22045981v1

> Defendants have failed to perform under this agreement. This court should now enforce that agreement and order the Defendants to perform.

*See* Ecf. 64. When the District Court granted Plaintiff's motion, the District Court found that the MOU was enforceable against Defendants. Indeed, in its written ruling the District Court specifically found that the MOU was enforceable. Ecf. 95. Thus, any comments from the District Court following that ruling about the enforceability of the so-called Final Settlement Agreement address an issue not raised by Plaintiffs nor necessary for resolution of Plaintiff's motion. Moreover, as noted in Defendants' opening brief, any such ruling is not based on any specific factual findings from the District Court, including any specific findings about how Defendants consented to or agreed with the so-called Final Settlement Agreement. For all of these reasons, therefore, this Court should reject Plaintiff's attempt to change the theory of their case in this Appeal, should hold Plaintiff to her argument that the MOU was the enforceable settlement, and should find that the District Court erred when it found that the MOU was enforceable.

### B. The MOU was not enforceable against Defendants.

Recognizing that the so-called Final Settlement Agreement was not the document she sought to enforce before the District Court, Plaintiff next argues that the District Court properly found that the MOU was an enforceable agreement. (Pl. Brief p. 13) Plaintiff is incorrect, and the District Court's ruling should be reversed.

Plaintiff first argues that Defendants agreed to the material terms and did condition their agreement on a subsequent agreement on the

22045981v1

language of the release or confidentiality agreement. (Plaintiff's Brief p. 19). This statement to the Court is directly contracted by the MOU itself, which notes all of the areas that remained open and that any settlement was "subject to drafting a final agreement at a later date." (App.216-17) Moreover, emails from Defendants' then-attorney Craig Dickinson on April 8, 2021 specifically noted that there were "areas we feel remain unresolved," and that there were "several details that need to be worked out to finalize the resolution of this matter." (Id.) It simply is not accurate for Plaintiff to say that the Defendants did not condition the MOU on the parties later agreeing to additional details and terms.

In their brief, Defendants noted that the District Court's ruling on a motion to enforce a complicated FLSA settlement valued over $1,000,000 failed to contain any detailed factual findings setting out the basis of its ruling. Plaintiffs attempt to minimize the District Court's error by arguing that Defendants did not argue that the District Court misinterpreted the evidence or failed to consider evidence or point out any "'clearly erroneous' analysis of the evidence of the District Court." (Pl. Brief p. 15) That is false. Again, Defendants argued that it was erroneous for District Court not to make specific factual findings, which necessarily limits Defendants' ability to make arguments about which findings were clearly erroneous or incorrect before this Court. Defendants brief also cited numerous facts—such as Attorney Dickinson's emails quoted above—that the District Court ignored or misinterpreted in its ruling. Moreover, Defendants' brief set forth extensive facts related to the negotiations between the parties' attorneys following the settlement conference with Magistrate Margolis, which demonstrate that the parties did not reach an enforceable contract at the April 2021 mediation. (Def. Brief. p. 15) These facts were not discussed or analyzed in the District Court's brief ruling. Thus,

contrary to Plaintiff's representation to this Court, Defendants in fact did make such arguments in their opening Brief.

Plaintiff also argues that, "[w]hile the parties had to finalize the class list and allocate payments, those outstanding issues are not 'essential terms' sufficient to blow up an agreed upon settlement in this case." (Plaintiff's Brief p. 17). These arguments suffer from several logical and factual deficiencies. First, it is strange to suggest that the "class list," i.e. the number and names of the individuals who would be entitled to payment, and the "allocate[ion]" of payments, i.e., how much each person gets, were not essential terms of an FLSA class and collective settlement. To the contrary, such details are the definition of essential. Second, this argument ignores the subsequent emails in the record between counsel that were before the District Court. As noted in Defendants' opening brief, these emails show extensive negotiations between the parties' attorneys, and also show that the parties' attorneys reported to Magistrate Margolis at one point that they might be at an impasse soon. (App.377-78). Contrary to Plaintiffs representation, therefore, negotiations over those details such as the class list and allocation of payments are the exact kind that can blow up a FLSA settlement.

Plaintiff's argument about the enforceability of the MOU also cites to and relies on *Suarez v. SCF Cedar, LLC*, 2016 WL 6601547, at *3 (S.D.N.Y. Mar. 14, 2016), report and recommendation adopted, 2016 WL 6601549 (S.D.N.Y. Nov. 7, 2016). Plaintiff's reliance on *Suarez* is misplaced, as *Suarez* is different in several key respects. *Suarez* is a case arising under New York law, not Connecticut law. *Suarez* involved a single plaintiff, and simple settlement payment of $5,000. Finally, the parties in *Suarez* signed a term sheet that "was a complete agreement

Page 5 of 13

on material terms" of this small settlement payment. *Id.* Indeed, it is not clear from that court opinion what terms defendant believed still needed to be negotiated and finalized after execution of the term sheet. *Suarez*, therefore, is far different than this case, where the parties' MOU set forth numerous areas that still needed to be negotiated and the record shows that the parties indeed did have difficult and protracted negotiations on those outstanding issues following the execution of the MOU.

Plaintiff's reliance on *Flores v. Urciuoli*, 2022 WL 987353, at *4 (E.D.N.Y. Jan. 10, 2022) is similarly misplaced, as that is another single-plaintiff FLSA case where the district court found that the "parties intended to be bound by the Mediation Agreement, and the Mediation Agreement unambiguously contains all material terms . . . ." In that case, the defendant was attempting to add new terms to the finalized settlement agreement, which were not discussed at the mediation, and which the court found was improper. Here, the opposite is true—the MOU specifically noted additional areas that, in the words of Attorney Dickinson, were "areas we feel remain unresolved" and there were "several details that need to be worked out to finalize the resolution of this matter." (Id.)[1]

---

[1] Plaintiff later argues, without citation to any cases, that it is routine for courts to enforce oral settlement agreements and abbreviated MOUs. (Plaintiff's brief, p. 20). That may be true in cases like *Suarez* or *Flores*, where there was no dispute about any material terms of a small settlement payment, but as noted in the text above case like *Suarez* or *Flores* are significantly different than this complicated FLSA class action. In addition, cases addressing the enforcement of purported oral

Rather than rely on those two cases, Defendants argued in their opening brief that this Court should review and rely on *Santos v Massad-Zion Motor Sales Co., Inc.*, 160 Conn. App. 12 (2015). Plaintiff attempts to distinguish *Santos* by arguing that the Appellate Court concluded that the agreement in *Santos* was not complete because the "particularized confidentiality agreement" at issue in *Santos* is not present here. Plaintiff is wrong in several respects. The MOU in this case in this case specifically called for the negotiation of a "confidentiality clause," just like in *Santos*. More importantly, though, the confidentiality agreement was not the outstanding issue, like in *Santos*. Instead, the MOU called for the subsequent negotiation of numerous other issues as well, including a finalized list of the class members who would be included. Contrary to Plaintiff's argument on page 23 of her brief, all of these outstanding items were indeed crucial to Defendants' agreement to a full and final settlement. Because there were even more issues outstanding than in *Santos*, the District Court erred in enforcing the terms of the MOU against Defendants. *Santos*, 160 Conn. App. at 19 ("A contract is not made so long as, in the contemplation of the parties, something remains to be done.").

---

settlement agreements are unhelpful to cases addressing the enforceability of a written but unexecuted settlement agreement—such as a term sheet or draft settlement agreement. *See, e.g., Williams v. Playscripts, Inc.*, 2024 WL 3823198, at *3 (E.D.N.Y. Aug. 13, 2024), report and recommendation adopted, 2024 WL 4043739 (E.D.N.Y. Sept. 4, 2024). Thus, this Court should reject Plaintiff's attempt to imply her request to enforce the MOU is a routine or uncomplicated decision.

### C. Settlements in FLSA actions are not final and enforceable until they are approved by a District Court judge, and the MOU was never approved.

In their opening brief, Defendants argued that this is an FLSA case, an FLSA settlement can only be reached and be enforceable after appropriate approval proceedings before District Court. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020). Thus, Defendants argued that, unlike in a negligence case for example, where the parties can agree to a settlement without any involvement of the Court, under guidance from this Court a FLSA settlement cannot become final until the appropriate steps are taken before the District Court, including notice to all class and collective members. *Cheeks*, 796 F.3d at 206. Because no such procedure occurred with the MOU, the District Court erred in enforcing the terms of the MOU against Defendants.

Defendants' argument on this topic was extensive, and cited numerous cases. Plaintiff fails to respond to almost all of Defendants' arguments, and therefore presents this Court with no grounds to reach a contrary conclusion. Rather than address all of Defendants' arguments and cases, Plaintiff chooses only to attempt to distinguish one case cited by Defendants: *Williams v. Playscripts, Inc.*, 2024 WL 3823198, at *1 (E.D.N.Y. Aug. 13, 2024), *report and recommendation adopted*, 2024 WL 4043739 (E.D.N.Y. Sept. 4, 2024). (Plaintiff's Brief, p. 26-27). Plaintiff's attempt to distinguish *Williams* should be rejected by this Court. As noted previously, Defendants cited *Williams* as persuasive precedent on the issue of whether the MOU could be enforced against Defendants—the sole issue raised by Plaintiff in this case. (Dfs. Brief p.24-25) Plaintiff cannot dispute that, so Plaintiff argues instead that the so-called Final Settlement Agreement did not

22045981v1

have the same deficiencies as the draft settlement agreements at issue in *Williams*. (Plaintiff's Brief, p.27) As noted previously, though, Plaintiff's argument before the District Court was that the MOU was enforceable, which it is not.

Moreover, Plaintiff's arguments about the so-called Final Settlement Agreement are erroneous and in conflict with the express terms of that document. Plaintiff first argues that the Agreement does not "explicitly say that both parties have to sign for the agreement to be effective. (Plaintiff's Brief p.27). That is incorrect, as the Agreement says any party's attorney can sign the agreement and "any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed to be an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email." (App.279). The so-called Final Settlement Agreement clearly needed both parties' signatures to be effective and "binding."

Plaintiff also argues that the "merger clause" in the so-called Final Settlement Agreement does not speak to whether both parties had to sign the agreement for it to be effective. (Plaintiff's Brief, p.28 n.2) Plaintiff's argument misses the point made in *Williams* and in Defendants' opening brief—that the presence of a merger clause precludes consideration of prior oral or written agreements, and is persuasive evidence that the parties did not intend to be bound prior to the execution of a written agreement. *Williams*, 2024 WL 3823198, at *4-5 (citing cases addressing merger clauses and finding among other things that a merger clause in the proposed settlement agreement precluded enforcement of FLSA term sheet). Not only did the so-called Final Settlement Agreement contain a merger clause (App.277 ¶ 7.4),

Page 9 of 13

that document did not reference the MOU. For these reasons, Plaintiff's attempt to distinguish *Williams* is ineffective, and Plaintiff has not provided this Court with any other argument, much less a persuasive one, as to why Defendants are incorrect when arguing that an FLSA class action settlement is not final and binding until it is approved by the process required by this Court. *See Cheeks*, 796 F.3d at 206. Consequently, this Court should conclude that the District Court erred when it enforced the terms of the MOU and/or the so-called Final Settlement Agreement against Defendants.

## II. The Court erred by using the MOU and settlement to approve class and collective action settlements.

Defendants argued that the District Court erred when it gave preliminary and final approval of the class and collective action settlements based on its prior order enforcing the terms of a purported settlement against Defendants. Plaintiff's brief simply incorporates her prior arguments in response to this argument, and Defendants therefore similarly incorporate the arguments made in their opening Brief and above in this Reply Brief as their argument.

## CONCLUSION

For all those reasons set forth in Defendants' opening Brief and this Reply Brief, this Court should find that the District Court erred in finding that the MOU and/or the so-called Final Settlement Agreement was enforceable against Defendants, and further erred by using the terms of that MOU and/or subsequent settlement agreement to approve class and collective settlements against Defendants. The District Court's orders should be reversed, and this case should be remanded for further litigation.

        DEFENDANTS,
HELP AT HOME CT, LLC,
ALZHEIMER'S AND
DEMENTIA CARE, LLC,
HOMECARE
CONNECTIONS, LLC, MARY
ANN CIAMBRIELLO

BY: /s/ PETER J. MURPHY
PETER J. MURPHY
SHIPMAN & GOODWIN LLP
ONE CONSTITUTION PLAZA
HARTFORD, CT 06103
TELEPHONE: 860-251-5000
FACSIMILE: 860-251-5316
PJMUPRHY@GOODWIN.COM

Page 11 of 13

## CERTIFICATION OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(c), undersigned counsel certified that: This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) and Local R. App. P. 32-1(a)(4) because it contains 2,808 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Office Word 2010 in Century Schoolbook 14 point font.

By   /s/ Peter J. Murphy
      Peter J. Murphy

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of February 2025, a true and accurate copy of the foregoing was filed electronically with the Court of Appeals for the Second Circuit via the Court's CM/ECF system. Notice of this filing was sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By   /s/ Peter J. Murphy
       Peter J. Murphy